# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GENESIS HEALTH VENTURES, INC., et al., | ) | Case No. 00-2692 (JHW) |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
| JAMES J. HAYES, | ) | Civil Action No. 04-0477 |
| Appellant, | ) |  |
| v. | ) |  |
|  | ) |  |
| GENESIS HEALTH VENTURES, INC., et al., | ) |  |
|  | ) |  |
| Appellees. | ) |  |

## APPELLEES' ANSWERING BRIEF

Dated: June 1, 2005
     Wilmington, Delaware

Mark D. Collins (No. 2931)
Russell C. Silberglied (No. 3462)
Christina M. Houston (No. 4628)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

- and -

Adam P. Strochak
Lisa R. Fine
WEIL, GOTSHAL & MANGES LLP
1501 K Street, NW, Suite 100
Washington, D.C. 20005
(202) 682-7000

Michael F. Walsh
Gary T. Holtzer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Attorneys for Appellees

# TABLE OF CONTENTS

Nature and Stage of Proceedings and Statement of Facts ........................................ 1

I.    The Bankruptcy Court Proceedings ..................................................................... 1

II.   The District Court Proceedings ........................................................................... 3

III.  Hayes' Post-Confirmation Motion to the Bankruptcy Court for the Appointment
      of an Equity Committee .................................................................................... 6

Argument ................................................................................................................ 7

A.    This Appeal Should be Dismissed on Procedural Grounds ................................ 7

      1    Hayes' Appeal Must Be Denied Under the Doctrine of Equitable
           Mootness Because the Plan Has Been Substantially Consummated and
           Hayes Did Not Obtain a Stay of the Confirmation Order ........................... 7

      2    Hayes' Appeal is Barred by the Doctrines of Res Judicata and
           Collateral Estoppel .................................................................................... 9

      3    This Appeal will be Moot When the United States Supreme Court Denies
           Hayes' Petition for Certiorari ................................................................... 10

B.    Hayes' Appeal Should Be Dismissed On the Merits Because the Genesis Debtors
      are Hopelessly Insolvent ................................................................................. 11

Conclusion ............................................................................................................. 15

RLF1-2882451-1

## TABLE OF AUTHORITIES

*In re Cellnet Data Sys., Inc.,*
   327 F.3d 242 (3d Cir. 2003) .................................................................................13

*In re Chateaugay Corp.,*
   988 F.2d 322 (2d Cir. 1993) ..................................................................................7

*In re Continental Airlines,*
   91 F.3d 553 (3d Cir. 1996)..................................................................................7, 8

*CoreStates Bank N.A. v. Huis America, Inc.,*
   176 F.3d 187 (3d Cir. 1999)...................................................................................9

*In re Docteroff,*
   133 F.3d 210 (3d Cir. 1997)..................................................................................10

*Donaldson v. Bernstein,*
   104 F.3d 547 (3d Cir. 1997)..................................................................................10

*In re Emons Indus., Inc.,*
   50 B.R. 692 (Bankr. S.D.N.Y. 1985).....................................................................12

*Federated Department Stores v. Moitie,*
   452 U.S. 394 (1981)...............................................................................................9

*In re Genesis Health Ventures, Inc.,*
   266 B.R. 591 (Bankr. D. Del. 2001) .........................................................3, 11, 13, 14

*Grimes v. Genesis Health Ventures, Inc.,*
   280 B.R. 339 (D. Del. 2002)...................................................................................8

*Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ventures, Inc.),*
   No. 00-2691, 2005 WL 1038920 (Bankr. D. Del. May 3, 2005).........................10, 14

*In re Johns-Manville Corp.,*
   68 B.R. 155 (Bankr. S.D.N.Y. 1986) ....................................................................12

*Nordhoff Investments, Inc. v. Zenith Electronics Corp.,*
   258 F.3d 180 (3d Cir. 2001)................................................................................7, 8

*In re PWS Holding Corp.,*
   288 F.3d 224 (3d Cir. 2000) ..................................................................................8

*In re Wang Labs, Inc.,*
   149 B.R. 1 (Bankr. D. Mass. 1992) ......................................................................12

## MISCELLANEOUS

11 U.S.C. § 1102(a) ............................................................................................... 12

7 Collier on Bankruptcy ¶1102.03 [2][a] .......................................................... 12, 13

iii

Appellee Genesis Health Ventures, Inc and its affiliated co-appellees, (collectively, "Appellees" or "Genesis"),[1] submits this brief in opposition to James J. Hayes' ("Hayes") appeal of the United States Bankruptcy Court for the District of Delaware's (the "Bankruptcy Court") denial of Hayes' motion to appoint an equity committee (the "Motion"). This appeal is the latest in a seemingly endless effort by Hayes, a former Genesis shareholder, to challenge a Plan of reorganization confirmed and consummated more than three and one-half years ago. For the reasons set forth herein, Genesis respectfully submits that this appeal, like the two that preceded it, should be dismissed. In the alternative, the decision of the Bankruptcy Court denying Hayes' post-confirmation motion for appointment of an estate-funded committee of equity interest holders should be affirmed. In addition, for reasons set forth in a motion filed concurrently, Genesis should be awarded costs and fees pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Hayes' appeals are frivolous and vexatious. We respectfully suggest that, at this point, he should bear the full burden of these costs.

## NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS[2]

### I.    The Bankruptcy Court Proceedings

Appellees are leading providers of healthcare for the elderly, institutional pharmacy services, and other healthcare services. Genesis filed for protection under chapter 11, title 11 of the United States Code on June 22, 2000. With the support of its major creditor constituencies, including two statutorily-appointed committees of unsecured creditors, Genesis

---

[1] On December 2, 2003, Genesis Health Ventures, Inc. changed its name to NeighborCare, Inc., in connection with the spin-off of its elder-care business into a separate company. We use the name "Genesis" herein to be consistent with the record of proceedings below.

[2] We have combined these two sections of the brief because most of the facts the Court needs to understand to dispose of this appeal are procedural in nature, and because the nature and stage of these proceedings are, as set forth below, convoluted.

proposed a Plan of reorganization ("Plan") that, on account of the company's insolvency, provided no recovery for shareholders and only a small recovery for unsecured creditors. A small number of dissident unsecured creditors and shareholders, including Hayes, objected to the Plan. Contemporaneous with his objection to the Plan, Hayes moved the Bankruptcy Court for appointment of an official committee of equity holders, ostensibly to explore the possibility of finding additional equity value (the "First Motion")

On August 28-29, 2001 the Bankruptcy Court held a two-day hearing to consider confirmation of Genesis's Plan. At the confirmation hearing, the Bankruptcy Court heard testimony from valuation experts on behalf of both the Plan proponents and the objecting creditors. None of these witnesses suggested there was sufficient value to provide full recovery to unsecured creditors, and thus permit any distribution to holders of equity interests like Hayes.

Hayes appeared at the confirmation hearing, argued his objection to the Plan and argued the First Motion. He presented no testimony on valuation, and his sole "evidence" on valuation was a series of derogatory cartoons depicting "Judge Judy" presiding over a proceeding in which she doled out "Judge Judy Dollars" to creditors. Hayes' presentation is reflected in a brief colloquy with the Bankruptcy Court, which patiently heard his arguments:

> Mr. Hayes:     May I present this to the Court?
>
> The Court:     What is it that you're looking to present?
>
> Mr Hayes:      I think it's nicely summarized
>
> The Court:     All right. I'll give you five more minutes
>
> Mr Hayes:      No, I don't want to discuss it.
>
> The Court:     They're cartoons. Anything else, sir?

Appendix ("App.") A at 293

On September 12, 2001, the Bankruptcy Court issued an opinion in which it concluded it would confirm the Plan of reorganization with certain modifications not pertinent to this appeal. In re Genesis Health Ventures, Inc., 266 B.R. 591 (Bankr. D. Del. 2001). In its opinion on confirmation, the Bankruptcy Court rejected the valuation evidence of the objectors and concluded that there was insufficient value to provide for a one hundred percent recovery for even the company's senior secured creditors. Thus, the junior unsecured creditors were not entitled to any distribution. 266 B.R. at 616. The Bankruptcy Court also overruled Hayes' objection to the Plan and denied the First Motion to appoint an equity committee:

> Both [shareholder] objections are untimely and unrealistic and at this point, would only serve to unduly delay these cases. The motions for a trustee and/or committee come at the point of confirmation of the debtors' Plan. Neither objector has offered any evidence of the existence of value beyond the position of the Senior Lenders and junior creditors. I have concluded that the debtors are insolvent and that there is no possibility of a recovery for equity interests. At this late date, the appointment of additional professionals and their associated administrative costs cannot be viewed as a benefit to the debtors' estates. The objections are overruled and the related motions denied.

266 B.R. at 620.

## II.    The District Court Proceedings

On September 18, 2001, Hayes filed a notice of appeal from the Bankruptcy Court's September 12, 2001, opinion on confirmation. (App. B). That notice of appeal eventually was docketed in the District Court as Civil Action No. 02-016.

On September 20, 2001, the Bankruptcy Court entered an order confirming the Plan. The same day, Hayes filed an amended notice of appeal. (App. C). The only difference between the September 18 and September 20 notices of appeal was the handwritten notation on the latter reflecting that the "judgment, order or decree" appealed from was the confirmation order dated September 20 rather than the opinion on confirmation dated September 12. The

amended notice of appeal was docketed in the District Court as Civil Action No. 01-718. Both appeals were assigned to this Court.

The docketing of a second, duplicative appeal in the District Court generated considerable confusion among the parties and the court. Genesis proceeded under the impression that case number 02-016 was the operative appeal. Hayes, and in some instances, the District Court, however, filed certain papers in case number 01-718. While this makes sorting out the procedural history of this matter somewhat complex, it had no substantive impact because Hayes had adequate notice of Genesis's motion to dismiss the appeal and it is beyond any serious dispute that the District Court's dismissal was appropriate under the equitable mootness doctrine.

On January 2, 2002, this Court established a briefing schedule in case number 01-718, requiring appellant's brief to be filed by January 18, 2002. (App. D) On that date, instead of filing an appeal brief, Hayes filed a motion with this Court seeking the appointment of an equity committee (the "Second Motion") for the purpose of pursuing his appeal from the confirmation of the Plan and requesting a postponement of the briefing deadline. On January 30, 2002, Genesis filed an opposition to Hayes' Second Motion and simultaneously filed a motion to dismiss the appeal on the ground of equitable mootness.

On September 30, 2002, this Court denied Hayes' Second Motion in an order entered in case number 01-718, on the grounds that the District Court had no authority to appoint an equity committee. (App. E) On that same date, this Court granted Genesis's motion to dismiss Hayes' appeal in an order entered in case number 02-016, based on the doctrine of equitable mootness. (App. F) Hayes did not appeal the District Court's order dismissing case number 02-016.

On November 6, 2002, the District Court *sua sponte* entered a further scheduling order in case number 01-718 requiring appellant to file his opening brief by November 22, 2002. (App. G) Genesis, believing that Hayes' appeal had been fully resolved by the dismissal of case number 02-016, made an inquiry to the Clerk of the District Court, who advised that the second appeal (01-718) had been docketed in error. When Hayes filed a brief in case number 01-718, On December 3, 2002, Genesis wrote to this Court, advising the court of its belief that 01-718 and 02-016 were in fact identical appeals from the same order of the Bankruptcy Court, and requesting guidance from the Court as to whether it was necessary to file a separate motion to dismiss case number 01-718. (App. H) On December 9, 2002, Hayes responded to the Genesis letter stating that the doctrine of equitable mootness did not apply to the appeal. (App. I) On March 12, 2003, this Court *sua sponte* entered an order in case number 01-718 concluding that 01-718 and 02-016 were in fact the same appeal, and dismissing 01-718 for the same reasons that it previously had dismissed 02-016. (App. J) After this Court dismissed 01-718, Hayes filed a motion to reopen that case.

On February 26, 2004, this Court issued a Memorandum Order denying Hayes' motion to reopen case number 01-718. (App. K). The February 26, 2004 Memorandum Opinion concluded that: (1) Hayes, as the appellant in both 01-718 and 02-016, received notice that the matter was dismissed on September, 30, 2002, and did not contend otherwise; (2) Hayes did not oppose Genesis's Motion to dismiss case number 02-016 on a timely basis; and (3) Hayes "cannot litigate issues in [01-718] that he should have litigated in 02-016 merely because of a clerical error."

Hayes timely appealed the February 26, 2004 Memorandum Order in case number 01-718 to the United States Court of Appeals for the Third Circuit (the "Third Circuit"). The

appeal was fully briefed, and on December 6, 2004 the Third Circuit affirmed the District

Court's decision in its entirety and later denied a motion for rehearing en banc. The Opinion is

located at Appendix L. Hayes has now petitioned for certiorari in the United States Supreme

Court.

## III.    Hayes' Post-Confirmation Motion to the Bankruptcy Court for the Appointment of an Equity Committee

        In addition to the First Motion and the Second Motion, on October 5, 2001, Hayes

filed a separate Motion and Brief in Support of the Motion for Appointment for of an Official

Committee Equity Security Holders (the "Third Motion") with the Bankruptcy Court. Hayes

attempted to distinguish the Third Motion from the First Motion by arguing that he was seeking

the appointment of a committee for the purpose of appealing the Confirmation Order. Hayes

never set the Third Motion for hearing in the Bankruptcy Court and it remained undecided for

two and one-half years. On March 13, 2004 Hayes sent a letter to Judge Wizmur "respectfully

requesting a decision on his Motion to Appoint an Official Committee of Equity Security

Holders." (App. M). On April 23, 2004, Genesis responded to the Third Motion, noting that (1)

Hayes' Third Motion was more analogous to a motion for reargument of the denial of the First

Motion, and thus not timely filed; (2) the Third Motion was not filed in compliance with the

local rules; and (3) in any event, the Third Motion was equitably moot. (App. N).

        On May 13, 2004, the Bankruptcy Court heard Hayes' Third Motion. Judge

Wizmur again listened to arguments on this issue from both sides, and reviewed the history of

Hayes' appeals. A transcript of the argument appears as Appendix O.

        The Bankruptcy Court ruled from the bench, denying Hayes' Third Motion on

both substantive and procedural grounds. App. O at 24-25. The Bankruptcy Court stated that:

(1) all requests, including Hayes' First Motion for the appointment of an equity committee, were

untimely when the Court ruled on September 12, 2001, and therefore his Third Motion was

"grossly untimely;" (2) the doctrine of equitable mootness applied to the Genesis Plan; and (3)

the appointment of a post-confirmation equity committee is only available in the most

extraordinary situations, which was not the case here.

Hayes filed yet another notice of appeal, which was docketed as this case, number

04-0477. (App. P). Hayes took no further action to prosecute this latest appeal until, on April 27,

2005, the Court *sua sponte* entered a further scheduling order requiring appellant to file his

opening brief by May 16, 2005, which he did.

## ARGUMENT

### A.    This Appeal Should be Dismissed on Procedural Grounds

1    Hayes' Appeal Must Be Denied Under the Doctrine of Equitable
     Mootness Because the Plan Has Been Substantially Consummated and
     Hayes Did Not Obtain a Stay of the Confirmation Order

The doctrine of equitable mootness, adopted by the Third Circuit, provides that

"'[a]n appeal should . . . be dismissed as moot when, even though effective relief could

conceivably be fashioned, implementation of that relief would be inequitable.'" In re

Continental Airlines, 91 F.3d 553, 559 (3d Cir. 1996) (en banc) (quoting In re Chateaugay Corp.,

988 F.2d 322, 325 (2d Cir. 1993)); see also Nordhoff Investments, Inc. v. Zenith Electronics

Corp., 258 F.3d 180, 185 (3d Cir. 2001) (affirming dismissal of bankruptcy on ground of

equitable mootness). When considering whether an appeal should be dismissed under the

equitable mootness doctrine, the Third Circuit has set out a five-factor analysis, testing:

(1)    Whether the reorganization Plan has been substantially
       consummated;
(2)    Whether a stay has been obtained;
(3)    Whether the relief requested would affect the rights of
       parties not before the court;
(4)    Whether the relief requested would affect the success of the
       Plan; and

(5)    The public policy of affording finality to bankruptcy
       judgments.

Continental, 91 F 3d at 568. These factors are given varying weight, depending on the particular circumstances, but the "'foremost consideration is whether the reorganization Plan has been substantially consummated.'" Zenith, 258 F 3d at 185 (quoting In re PWS Holding Corp., 228 F 3d 224, 236 (3d Cir. 2000)). Here, not only is the Plan substantially consummated, it is fully consummated.

Additionally, under the Continental factors set forth above, a Court looks to whether a stay of the order subject to appeal has been obtained. Here, it is undisputed that Hayes did not move for, or even seek a stay of the confirmation order and consummation of the Plan pending an appeal. As a result, on October 2, 2001, distributions under the Plan were made, Genesis and Multicare merged and prepetition claims were discharged, and the Exit Lenders extended up to $515 million in exit financing, an express condition of which was the absence of a stay of the Confirmation Order and, thus, the ability to consummate the Plan.

Hayes was not the only objector to appeal the denial of the appointment of an equity committee in the Genesis matter, and in that appeal, where these issues were fully briefed on the merits, this Court concluded that the appeal should be dismissed as equitably moot. Grimes v. Genesis Health Ventures, Inc., 280 B.R. 339 (D. Del. 2002) (Farnan, J.). In the Grimes appeal, decided in June, 2002, this Court held that the Genesis Plan had been substantially consummated. The Court also noted that the appellant in Grimes, just as the appellant here, did not seek or obtain a stay of confirmation. In Grimes, this Court evaluated the Plan by analyzing the Plan in light of each of the Continental factors set forth above, and determined that the motion must be denied on the grounds of equitable mootness.

The same logic applies here. The Court cannot conceivably grant any effective relief on this appeal. It simply is absurd to suggest that an equity committee should be appointed to challenge a Plan that this Court already has concluded cannot be challenged.

2.   Hayes' Appeal is Barred by the Doctrines of Res Judicata and Collateral Estoppel

Hayes' current appeal is based on the same issues and the same facts as his First Motion, which was denied on September 20, 2002. Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Department Stores v. Moitie, 452 U.S. 394, 398 (1981). The doctrine of res judicata applies to bar a subsequent suit based on the same cause of action where there is final judgment on the merits in a prior suit involving the same parties. CoreStates Bank N.A. v. Huis America, Inc., 176 F.3d 187, 194 (3d Cir. 1999).

Here, it is undisputed that the parties involved in this matter are the same parties involved in this Court's dismissal of Hayes' prior appeals, as well as the Court's denial of Hayes' First Motion. Moreover, the issue is the same: in deciding the First Motion, the Bankruptcy Court held that it should not appoint an equity committee for any purpose, and yet Hayes moved, twice more, for the appointment of an equity committee. The issue is also the same as in the substantive appeals themselves: for since the Third Circuit has now agreed that there can be no effective relief granted and thus affirmed the dismissal of the appeal of the confirmation order, there is also no effective relief that can be granted on an appeal seeking to appoint an equity committee for the purpose of litigating the now dead appeal.

Hayes' appeal is also barred under the doctrine of collateral estoppel, which applies when the following conditions are met: (1) the issue sought to be precluded is the same as the one involved in the prior action; (2) the issue must have been actually litigated; (3) the

issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. In re Genesis Health Ventures, -- B.R --, 2005 WL 1038920 *15 (Bankr. D. Del. May 3, 2005) (citing In re Docteroff 133 F.3d. 210, 214 (3d Cir 1997)).

Here, the issue sought to be precluded -- the appointment of an equity committee after the confirmation of the Plan -- is identical to the issue set forth in First Motion and this issue has been litigated in front of both the Bankruptcy Court and this Court. Additionally, it is beyond dispute that a confirmation order (which is the same order that denied the First Motion) is a final and valid judgment, see, e.g., Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ventures), 2005 WL 1038920 at *17; Donaldson v. Bernstein, 104 F.3d 547, 554 (3d Cir. 1997). That the determination was essential to the prior judgment is undeniable – with a stay of the Confirmation Order for any reason, the exit lenders would not extend $515 million in exit financing, and the Plan could not have been substantially consummated. Hayes did not obtain a stay at the time that the Plan was confirmed, and the key issue in his Third Motion was litigated during the hearings on confirmation and the First Motion in September 2001, and again in this Court's denial of Hayes' Second Motion.

> 3.   This Appeal will be Moot When the United States Supreme Court Denies Hayes' Petition for Certiorari

Hayes' appeal is not only equitably moot, it is actually moot. After the disposition of the cases docketed at 01-718 and 02-016, in which Hayes argued for the appointment of an equity committee, Hayes appealed to the Third Circuit, which held that this Court did not abuse its discretion when the Court denied Hayes' Motion to Reopen. Hayes has filed a petition for certiorari with the United States Supreme Court, which, in all likelihood, will be denied. Once that occurs, Hayes has no further recourse to appeal. Thus, there will be no

conceivable purpose for any equity committee and no appeal for it to pursue, rendering this appeal moot

**B.    Hayes' Appeal Should Be Dismissed On the Merits Because the Genesis Debtors are Hopelessly Insolvent.**

Even if this Court for some reason determined that this appeal is not barred under any of the doctrines of collateral estoppel, res judicata, equitable mootness or actual mootness, it could not be more clear that the opinion below should be affirmed on the merits because the Genesis debtors were hopelessly insolvent  Indeed, in support of confirmation of the Plan, the Bankruptcy Court considered three separate enterprise valuations of the Genesis debtors, prepared by three separate independent financial advisors (those retained by the Genesis debtors, the Official Committee of Unsecured Creditors and the Genesis debtors' senior lenders)  Each valuation expert independently determined that the Genesis debtors' estates were insolvent by many millions of dollars  The valuations concluded that the Genesis debtors were so insolvent that their enterprise value did not even equal the amount of secured debt, administrative expenses and priority claims owed to creditors, much less the amount of unsecured debt owed to creditors

Pursuant to the provisions of the Bankruptcy Code, before Genesis' common stockholders are entitled to any recovery, all administrative, priority, secured and unsecured claims (including the claims of the subordinated noteholders) would need to be paid in full (including postpetition interest)  As set forth in the transcript of the confirmation hearing, unless the valuations prepared by the various financial advisors were understated by at least $625 million, or a whopping 43%,[3] there simply would not be any value available for the Genesis

---

[3]   In support of confirmation of the Plan, the Genesis debtors' valuation expert testified that a reasonable range of enterprise value for Genesis was between $1 2 billion and $1 45 billion  As of the date of confirmation of the Plan, the Genesis/Multicare debtors' combined secured debt was approximately $1 6 billion, combined unsecured debt was approximately $106 4 million, and combined subordinated debt was approximately $645 million, for a total indebtedness of approximately $2 3 billion  Genesis, 266 B R  at 598

common stockholders

The analysis of whether to appoint an equity committee begins with an assessment of whether it appears that shareholder interests are adequately represented in a chapter 11 case. 11 U S C § 1102(a)(2). In addition to examining the number of shareholders and the complexity of the case, a bankruptcy court must consider whether the cost of the additional committee significantly outweighs the concern for adequate representation. See In re Wang Labs, Inc., 149 B R. 1 (Bankr. D. Mass. 1992) (citing In re Johns-Manville Corp., 68 B R. 155, 159 (Bankr. S D N Y 1986). The bankruptcy court must balance the costs to the estate of an additional committee and its attendant professionals (i.e., counsel, financial advisors, etc.) with the likelihood of a shareholder recovery.

The inherent difficulties posed by this balancing act have led to solvency becoming the primary issue in determining whether an official committee of equity security holders should be appointed in a chapter 11 case. See, e.g., In re Emons Indus., Inc., 50 B R. 692 (Bankr. S.D N Y 1985); see also 7 COLLIER ON BANKRUPTCY ¶ 1102 03[2][a] at 1102-22 ("The threshold consideration faced by the United States Trustee in determining whether to appoint a committee of equity security holders is whether there is sufficient equity in the estate to justify the cost and expense of a separate committee"). Bankruptcy Courts have recognized that appointment of an equity committee when a debtor is hopelessly insolvent is not permissible because the exceedingly low probability of shareholder recovery is dwarfed by the virtual certainty the creditor recoveries will be diminished by the costs of the equity committee's futile efforts. See Emons Indus., 50 B R. at 694 (stating that "generally no equity committee should be appointed where it appears that a debtor is hopelessly insolvent because neither the debtor nor the creditors should have to bear the expense of negotiating over the terms of what is in essence a

gift"), 7 COLLIER ON BANKRUPTCY ¶ 1102 03[2][a] at 1102-22 ("Many chapter 11 debtors are hopelessly insolvent and the only mystery in the case will be to ascertain the extent of the creditors' loss  In such cases, the interests of existing stockholders will be wiped out in a Plan and stockholders do not need a committee to look out for their interests ").

The Bankruptcy Court denied the First Motion in the Confirmation Order because the appointment of an equity committee was unwarranted in light of the Court's adjudication of hopeless insolvency  Upon considering the First Motion and other shareholder objections to confirmation, the Bankruptcy Court clearly explained that insolvency was the primary basis for refusing to appoint an additional committee:

> The motions for a trustee and/or another committee come at the point of confirmation of the Debtors' Plan  Neither objector has offered any evidence of the existence of value beyond the position of Senior Lenders and junior creditors  **I have concluded that debtors are insolvent and that there is no possibility of a recovery for equity interests.**  At this late date, the appointment of additional professionals and their associated administrative expenses cannot be viewed as a benefit to the debtors' estates  The objections are overruled and the related motions denied

Genesis, 266 B R  at 620 (emphasis added)  The Bankruptcy Court denied the Third Motion for the same reasons, and cited additional reasons such as the untimely nature of the Third Motion,[4] equitable mootness, and the lack of extraordinary circumstances warranting the appointment of an equity committee

The Bankruptcy Court carefully considered the exhaustive evidence on the subject of the Genesis debtors' insolvency at the confirmation hearing  After thoroughly considering the evidence, the Bankruptcy Court determined that the Genesis debtors were insolvent and that

---

[4] The Bankruptcy Court's holding that an equity committee should not be appointed because the Genesis debtors are hopelessly insolvent is a mixed question of law and fact  Accordingly, this Court must review the Bankruptcy Court's ruling under a mixed standard by affording a clearly erroneous standard to integral facts while exercising plenary review of the Bankruptcy Court's interpretation and application of those facts to legal precepts  In re Cellnet Data Sys., Inc., 327 F 3d 242, 244 (3d Cir  2003)

there was "no possibility of a recovery for equity interests " Id at 620 Appointment of a committee of equity holders would force the Genesis debtors (to the detriment of their secured and unsecured creditors)[5] to fund an appeal that is fatally flawed both in merit and procedure In light of the Bankruptcy Court's factual finding that shareholders are not, and would not ever be, entitled to any recovery from the Genesis debtors' estates, appointment of a committee of equity holders in these cases is not only inappropriate under the Bankruptcy Code and applicable case law, but would be a colossal waste of estate assets Such wasteful behavior should not be condoned by this Court under the guise of "protecting" equity holders who, as the Third Circuit has now held, have no remaining interest to protect

Hayes' reliance on allegations made by the subordinated bondholders in litigation styled *Richard Haskell et al v. Goldman Sachs & Co. et al* for the proposition that the Genesis debtors defrauded the Bankruptcy Court and its creditors and stockholders in presenting an allegedly incorrect valuation to the Bankruptcy Court is equally unavailing for two independent reasons. First, Hayes neglects to inform this Court that the Bankruptcy Court recently dismissed the *Haskell* complaint in its entirety on three wholly independent grounds Indeed, one of those grounds is equally applicable here -- res judicata, because the bondholders, like Hayes, presented valuation testimony at the Confirmation Hearing and the Court rejected their valuations Second, even if the *Haskell* plaintiffs' allegations were to believed (even though they were dismissed -- a dubious proposition at best), even the bondholders do not contend that Genesis was undervalued by more than $625 million, which Hayes would need to prove in order for the stockholders to recover anything at all Thus, the *Haskell* plaintiffs' discredited allegations are irrelevant to this appeal

---

[5] Pursuant to the Plan, the secured and unsecured creditors received stock in reorganized Genesis Thus, the creditors -- who already received a discounted recovery under the Plan -- would suffer another harm if the entity they received stock in were forced to fund an equity committee to pursue these frivolous appeals

## CONCLUSION

For the reasons set forth herein, this appeal should be dismissed, or in the alternative the decision of the Bankruptcy Court should be affirmed

Dated: June 1, 2005
      Wilmington, Delaware        Respectfully submitted,

Mark D. Collins (No. 2931)
Russell C. Silberglied (No. 3462)
Christina M. Houston (No. 4628)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

- and -

Adam P. Strochak
Lisa R. Fine
WEIL, GOTSHAL & MANGES LLP
1501 K Street, NW, Suite 100
Washington, D.C. 20005
(202) 682-7000

Michael F. Walsh
Gary T. Holtzer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Attorneys for Appellees