```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF NEW JERSEY


IN RE:                          :     Case No. 00-2692, 00-2494
                                :
  GENESIS HEALTH VENTURES       :     15 North 7th Street
  AND MULTICARE AMC, INC.,      :     Camden, New Jersey  08102
                                :
         Debtors.               :     August 28, 2001
--------------------------------       9:33 A.M.



                       TRANSCRIPT OF HEARING
              BEFORE THE HONORABLE JUDITH H. WIZMUR
              UNITED STATES BANKRUPTCY COURT JUDGE



APPEARANCES:


For Debtors:                Weil, Gotshal and Manges
 (Genesis)                  By:  MICHAEL WALSH, ESQ.
                                 ADAM STROCHAK, ESQ.
                                 GARY HOLTZER, ESQ.
                                 MICHELE MEISES, ESQ.
                                 JOANNE GUERRERA, ESQ.
                            767 Fifth Avenue
                            New York, New York  10153

For Debtors:                Richards, Layton & Finger
 (Genesis)                  By:  DEBORAH E. SPIVACK, ESQ.
                            One Rodney Square
                            Wilmington, Delaware  19899



Audio Operator:             NORMA SADER



Transcribed by:             DIANA DOMAN TRANSCRIBING
                            P.O. Box 129
                            Gibbsboro, New Jersey  08026-0129
                            (856) 435-7172
                            FAX:  (856)  435-7124
                            EMAIL:  Doman5123@snip.net

Proceedings recorded by electronic sound recording, transcript
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:                                          Case No. 00-2692, 00-2494

   GENESIS HEALTH VENTURES
   AND MULTICARE AMC, INC.,                     15 North 7th Street
                                                Camden, New Jersey 08102
            Debtor,
                                                August 29, 2001
                                                9:05 A.M.

TRANSCRIPT OF HEARING ON MULTIPLE MOTIONS
BEFORE HONORABLE JUDITH H. WIZMUR
UNITED STATES BANKRUPTCY COURT JUDGE

- - - - -

APPEARANCES:

For United States Trustee:          JOSEPH J. McMAHON, JR., ESQ.
                                    U.S. Department of Justice
                                    Office of the U.S. Trustee
                                    844 King Street, Suite 2313
                                    Wilmington, DE 19806

For the Debtors:                    MICHAEL WALSH, ESQ.
Genesis Health Ventures             ADAM STROCHAK, ESQ.
                                    JOANNE GUERRERA, ESQ.
                                    GARY HOLTZER, ESQ.
                                    Weil, Gotshal & Manges, LLP
                                    767 Fifth Avenue
                                    New York, NY 101539107

For the Senior Lenders:             MENACHEM O. ZELMANOVITZ, ESQ.
Mellon Bank                         RICHARD S. TODER, ESQ.
                                    Morgan, Lewis & Bockius, LLP
                                    101 Park Avenue
                                    New York, NY 10178

For GMS Group, LLC:                 JOHN S. KINSEY, ESQ.
                                    WILLIAM G. PRIMPS, ESQ.
                                    TIMOTHY J. WALSH, ESQ.
                                    LeBoeuf, Lamb, Greene & MacRae
                                    125 West 55th Street
                                    New York, NY 10026

Hayes - Argument                                                    292

1       THE COURT:  The problem, Mr. Hayes, with that
2  argument is we would need expert testimony to back it up.  In
3  other words --
4       MR. HAYES:  Well, I understand and these been
5  numerous expert's testimony about valuation of the stock.  I
6  mean the same process is involved -- well we did have testimony
7  about valuation of the Genesis bonds in bankruptcy, but we
8  didn't have any of the new --
9       THE COURT:  All right.  What else, sir?
10      MR. HAYES:  As the recovery of the secured creditors
11 approaches or exceeds a hundred percent, the market valuation
12 of these instruments becomes increasingly important.  The Court
13 should not confirm a valuation plan which does not consider the
14 market valuation of the new debt instruments.  This Court
15 should not ratify errors in a flawed confirmation plan and this
16 Court should not get in front of a moving valuation train.
17      Markets are smarter than anyone or a group of
18 experts.  It is wrong to pick one valuation or another when the
19 Court could simply let the market determine the value of
20 Genesis after the company stabilizes sufficiently to make a
21 public offering.  All valuations presented to the Court assume
22 the company is actively traded in the public market.  The
23 senior creditors believe that a public offering for Genesis
24 would be accepted by the market after Genesis completes -- and
25 there was talk -- I had two quarters of financial reporting

1  after the company exits bankruptcy.  Trading prices of the new
2  Genesis could be used to establish the values that can only now
3  be guessed at.
4      Your Honor, it is difficult to see the forest through
5  these valuations and I have an illustration prepared --
6      THE COURT:  Sir, I don't think -- there is no further
7  evidence being taken nor illustration.  We do have a record of
8  the increase in value and certain stocks and so forth.
9      MR. HAYES:  May I present this to the Court?
10     THE COURT:  What is it that you're looking to
11 present?
12     MR. HAYES:  I think it's nicely summarized.
13     THE COURT:  All right.  I'll give you five more
14 minutes at the outset.
15     MR. HAYES:  No, I don't want to discuss it.
16     THE COURT:  They're cartoons.  Anything else, sir?
17     MR. HAYES:  I've had some illustrations that show the
18 market valuation for Genesis could form the basis for a new
19 plan.  Please consider these ideas as a viable alternative to
20 the flawed plan now before the Court.  The appointment of a
21 shareholder's committee would be able to assist in the
22 formulation of a new plan based on the market value of Genesis.
23     THE COURT:  All right, thank you, sir.  U.S. Trustee?
24     MS. MORRISON:  May I now be excused?  I have a -- in
25 a childcare program.

1    THE COURT: Indeed, by all means.

2    MR. MCMAHON: Good evening, Your Honor. Joseph
3    McMahon for the United States Trustee. Your Honor, the United
4    States Trustee's objection covered three areas. I want to go
5    over them briefly.

6    First the debtor releases, without getting into the
7    Zenith Master Mortgage Analysis I just want to say, on behalf
8    of my client, as a general point, that we're troubled by the
9    testimony of Mr. Hager that was elicited by Mr. George with
10   respect to the investigation, or lack thereof, that was done
11   with respect to claims against the entities that the debtors
12   are seeking to release. If I recall Mr. Hager's testimony
13   correctly, he wasn't aware of any claims, but to the same
14   extent there wasn't an investigation done as to whether there
15   were any claims against the entities that were being released.
16   It's a bit troubling to the extent that the debtors are
17   fiduciaries and they're giving up and/or negotiating away
18   claims, the value of which is essentially unknown. That was a
19   very troubling aspect of the testimony.

20   Second, with respect to exculpation, with respect to
21   these particular cases the United States Trustee is not
22   contesting exculpating the entities which the debtors are
23   seeking to exculpate for pre-confirmation conduct. However,
24   the issue of post-confirmation conduct is problematic. I don't
25   see how we can exculpate entities for acts yet to be taken. We