**UNREPORTED- NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1862

---

IN RE: GENESIS HEALTH VENTURES, INC., et al.;
MULTICARE AMC, INC., et al.,
Debtors

JAMES J. HAYES,
Appellant

---

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 01-cv-00718)
District Judge: Honorable Joseph J. Farnan, Jr.

---

Submitted Under Third Circuit LAR 34.1(a)
December 3, 2004

Before: NYGAARD, VAN ANTWERPEN and COWEN, Circuit Judges

(Filed December 6, 2004)

---

OPINION

---

PER CURIAM

James J. Hayes, a former shareholder of Appellee/reorganized debtor Genesis Health Ventures, Inc. (with its affiliated co-debtors and Appellees, hereafter referred to collectively

as "Genesis"), appeals from the order of the United States District Court for the District of Delaware issued February 26, 2004, denying his motion to reopen his appeal of the Bankruptcy Court's confirmation of the reorganization plan for Genesis that was dismissed by order of the District Court entered March 12, 2003.

On September 13, 2001, the Bankruptcy Court entered judgment confirming the plan of reorganization in the jointly administered cases of In re: Genesis Health Ventures, Inc. et al., Bankruptcy Case No. 00-2692, and In re: Multicare AMC, Inc., Bankruptcy Case No. 00-2494. Hayes filed two notices of appeal from this judgment on September 13, 2001 and September 20, 2001. The procedural history of what should have been one appeal in the District Court was unfortunately and inadvertently complicated by the fact that Hayes's notices of appeal were docketed as two separate appeals, Civ. A. No. 01-00718 (docketed in October 2001) and Civ. A. No.02-00016 (docketed in January 2002). These appeals proceeded on parallel courses until September 20, 2002, when the District Court granted Appellees' unopposed motion to dismiss the appeal in 02-00016 on grounds of equitable mootness. Hayes did not appeal the dismissal order in 02-00016.

Shortly after 02-00016 was closed, the District Court issued a briefing schedule in 01-00718, which triggered correspondence from the Appellees to the District Court advising the District Court of the double docketing error and requesting that the appeal in 01-00718 be dismissed for the same reasons set forth in the District Court's September 20, 2002 order in 02-00016. Hayes responded by letter to the District Court in which he claimed that equitable

2

mootness did not apply for reasons set forth in his brief filed in 01-00718. On March 12, 2003, the District Court dismissed the appeal in 01-00718 because the matter "was fully briefed and was decided under Civil Action No. 02-016 JJF." The District Court also directed any party who disagreed with the dismissal of the action to file a motion to reopen within twenty days of the order. Hayes filed a motion to reopen the appeal on April 2, 2003, claiming that applying the judgment in 02-00016 would violate his due process rights and would be inappropriate because Hayes had not filed any pleadings in 02-00016. The District Court denied the motion to reopen on February 26, 2004, concluding that the dismissal of the appeal in 02-00016 for equitable mootness controlled the decision in 01-00718 and thus Hayes was foreclosed from relitigating the appeal. The District Court found in particular that Hayes did not contend that he had not received notice of Appellees' motion to dismiss in 02-00016, nor did he offer any explanation why he did not file a brief in opposition to the dismissal motion in that case. Hayes filed a timely notice of appeal.[1]

We have appellate jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. We note that most of Hayes's arguments on appeal concern the application of the doctrine of equitable mootness in his case, in effect challenging the District Court's dismissal of the action in 02-0016 and the District Court's March 12, 2003, order dismissing the appeal in 01-0718 as previously litigated. However, Hayes did not appeal the order in 02-00016 dismissing the

---

[1] The notice of appeal erroneously refers to the date of the order as February 26, 2003, instead of 2004.

3

action as equitably moot, or the District Court's March 12, 2003, order.[2] Absent a timely appeal of these orders, we lack jurisdiction to review them and, therefore, we will not address Hayes's equitable mootness arguments and other related arguments. Our review is limited to the sole order properly before us, the District Court's order entered February 27, 2004, denying Hayes's motion to reopen. We review the District Court's decision on a motion to reopen for abuse of discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 332 (1971); United States v. Coward, 296 F.3d 176, 180 (3d Cir. 2002). We will affirm.

We discern no abuse of discretion in the District Court's refusal to revisit its order dismissing the appeal in 01-0718 as previously litigated in 02-00016. There is no question that 01-0718 and 02-00016 involve the exact same appeal from the exact same bankruptcy judgment confirming the exact same reorganization plan and that but for a clerical error, Hayes's appeal notices would have been docketed as one appeal at the onset. As the District Court correctly pointed out, Hayes had notice of Appellee's motion to dismiss in 02-00016, and he had about eight months within which to file a brief in opposition to the dismissal motion, but did not. Hayes argued in his motion to reopen that the Appellees showed bad faith in failing to notify the District Court of the double-docketing problem. The truth of the matter is that both sides should have been alerted to the double-docketing problem when they received the second docketing notice in early January 2002. Yet neither Hayes nor Genesis

---

[2] Because the motion to reopen was filed more than ten days after the entry of the March 13, 2003 order, it did not toll the time for appeal from that order. See Fed. R. App. P. 4(a)(4)(A)(vi).

4

advised the District Court of the error until shortly after the District Court dismissed the appeal in 02-00016 as equitably moot. Hayes did not argue any other circumstances, and we find none on this record, warranting reopening the appeal. Thus, the District Court properly exercised its discretion in denying the motion to reopen.

Accordingly, the judgment of the District Court entered February 27, 2004, will be affirmed.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1862

IN RE: GENESIS HEALTH VENTURES, INC., et al.;
MULTICARE AMC, INC., et al.,
Debtors

JAMES J. HAYES,
Appellant

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 01-cv-00718)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted Under Third Circuit LAR 34.1(a)
December 3, 2004

Before: NYGAARD, VAN ANTWERPEN and COWEN, Circuit Judges

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted pursuant to Third Circuit LAR 34.1(a). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the district court entered February 27, 2004, be and the same is hereby affirmed. Costs taxed against the appellant. All of the above in accordance with the opinion of this Court.

ATTEST:

*Marcia M. Waldron*
Clerk

DATED: December 6, 2004

OFFICE OF THE CLERK

MARCIA M. WALDRON
CLERK

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

TELEPHONE
215-597-2995

November 22, 2004

Mr. James J. Hayes
Russell C. Silberglied, Esq.
Adam P. Strochak, Esq.

Re:   In Re: Genesis Health Ventures, Inc., et al., Debtor
      James J. Hayes, Appellant
      No. 04-1862

Dear Litigant and Counsel:

Please be advised that the above-entitled case(s) will be submitted on the briefs, pursuant to 3rd Cir. LAR 34.1(a), with NO oral argument on **Friday, December 3, 2004.** This means your presence will not be required.

Very truly yours,
MARCIA M. WALDRON, Clerk

By: *[signature]*
Carol L. Trama, Calendar Clerk
Direct Dial (267) 299-4937

MMW:clt

Pursuant to IOP Chapter 2, you are hereby advised that your appeal will be submitted before the following panel: **NYGAARD, VAN ANTWERPEN and COWEN, Circuit Judges.**