## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) | **Chapter 11** |
| **GENESIS HEALTH VENTURES, INC.,** et al., | ) ) ) | **Case No. 00-2692 (JHW)** |
| Debtors. | ) ) ) ) | |
| **JAMES J. HAYES,** Appellant, | ) ) ) ) | **Civil Action No. 04-0477** |
| v. | ) ) | |
| **GENESIS HEALTH VENTURES, INC.,** et al., | ) ) ) | |
| Appellees. | ) ) ) | |

## MOTION FOR DAMAGES AND COSTS FOR FRIVOLOUS APPEAL
## PURSUANT TO BANKRUPTCY RULE 8020

Pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedure ("Rule 8020"), Genesis Health Ventures, Inc (with its affiliated co-debtors and appellees, hereafter referred to collectively as "Genesis"),[1] hereby moves for damages and costs arising out of James J Hayes' ("Hayes") frivolous appeal of the United States Bankruptcy Court's denial of the appointment of an equity committee on May 13, 2004  Ignoring all prior rulings, Hayes continues to attempt to raise the exact same issue – his request for the appointment of an equity committee – that has <u>twice</u> been soundly denied by the Bankruptcy Court and also has been denied this Court  Each time Hayes files another groundless appeal, Genesis must respond, and

---

[1] On December 2, 2003, Genesis Health Ventures, Inc  changed its name to NeighborCare, Inc , in connection with the spin-off of its elder-care business into a separate company  We use the name "Genesis" herein to be consistent with the record of proceedings below

Genesis has accrued thousands of dollars in costs. Accordingly, Genesis now takes the extraordinary step of moving for costs and damages, so that Hayes will be required to compensate Genesis for the costs arising out of his frivolous and baseless appeals. The facts supporting this motion are set forth below.

### Factual Background

1.     Hayes first moved for the appointment of an equity committee at the confirmation hearing on August 28-29, 2001 (the "First Motion"). On September 12, 2001, the Bankruptcy Court issued an opinion in which it concluded it would confirm the plan of reorganization, with certain modifications not pertinent to this appeal. 266 B.R. at 616. In doing so, the Bankruptcy Court specifically overruled Hayes' objection to the plan and denied the First Motion. Hayes filed a notice of appeal immediately after the judgment was entered (Docket No. 01-718). On September 20, 2001, after the confirmation order was entered, Hayes filed an amended notice of appeal to the District Court (Docket No. 02-016). He did not, however, seek a stay of the Confirmation Order.

2.     The only difference between the September 13 and September 20 notices of appeal was the handwritten notation on the latter reflecting that the "judgment, order or decree" appealed from was the confirmation order dated September 20 rather than the opinion on confirmation dated September 12. The amended notice of appeal was docketed in the District Court as Civil Action No. 01-718. Both appeals were assigned to this Court.

3.     The docketing of a second, duplicative appeal in the District Court generated considerable confusion among the parties and the court. Genesis proceeded under the impression that case number 02-016 was the operative appeal. Hayes, and in some instances, the District Court, however, filed certain papers in case number 01-718. The docketing error had no

substantive impact because Hayes had adequate notice of Genesis's motion to dismiss the appeal and it is beyond any serious dispute that the District Court's dismissal was appropriate under the equitable mootness doctrine.

4       On January 2, 2002, this Court established a briefing schedule in case number 01-718, requiring appellant's brief to be filed by January 18, 2002. On that date, instead of filing an appeal brief, Hayes filed a motion with this Court seeking the appointment of an equity committee (the "Second Motion") for the purpose of pursuing his appeal from the confirmation of the plan and requesting a postponement of the briefing deadline. On January 30, 2002, Genesis filed an opposition to Hayes' Second Motion and simultaneously filed a motion to dismiss the appeal on the ground of equitable mootness.

5       On September 30, 2002, this Court denied Hayes' Second Motion in an order entered in case number 01-718, on the grounds that the District Court had no authority to appoint an equity committee. On that same date, this Court granted Genesis's motion to dismiss Hayes' appeal in an order entered in case number 02-016, based on the doctrine of equitable mootness. Hayes did not appeal the District Court's order dismissing case number 02-016.

6       On November 6, 2002, the District Court *sua sponte* entered a further scheduling order in case number 01-718 requiring appellant to file his opening brief by November 22, 2002. Genesis, believing that Hayes' appeal had been fully resolved by the dismissal of case number 02-016, made an inquiry to the Clerk of the District Court, who advised that the second appeal (01-718) had been docketed in error. When Hayes filed a brief in case number 01-718, Genesis wrote to this Court, advising the court of its belief that 01-718 and 02-016 were in fact identical appeals from the same order of the Bankruptcy Court, and requesting guidance from the Court as to whether it was necessary to file a separate motion to dismiss case

number 01-718. Hayes responded to the Genesis letter stating that the doctrine of equitable mootness did not apply to the appeal.

7.      On March 12, 2003, this Court *sua sponte* entered an order in case number 01-718 concluding that 01-718 and 02-016 were in fact the same appeal, and dismissing 01-718 for the same reasons that it previously had dismissed 02-016. After this Court dismissed 01-718, Hayes filed a motion to reopen that case.

8.      On February 26, 2004, this Court issued a Memorandum Opinion denying Hayes' motion to reopen case number 01-718. Hayes appealed the February 26, 2004 Memorandum Order in case number 01-718 to the United States Court of Appeals for the Third Circuit (the "Third Circuit"). The appeal was fully briefed, and on December 6, 2004 the Third Circuit affirmed the District Court's decision in its entirety and later denied a motion for rehearing en banc. Hayes has now petitioned for certiorari in the Supreme Court.

9.      In addition to the First Motion and the Second Motion, on October 5, 2001, Hayes filed a separate Motion and Brief in Support of the Motion for Appointment of an Official Committee Equity Security Holders (the "Third Motion") with the Bankruptcy Court. Hayes never set the Third Motion for hearing in the Bankruptcy Court and it remained undecided for two and one-half years. On March 13, 2004, Hayes sent a letter to Judge Wizmur "respectfully requesting a decision on his Motion to Appoint an Official Committee of Equity Security Holders." On April 23, 2004, Genesis responded to the Third Motion.

10.     On May 13, 2004, the Bankruptcy Court heard Hayes' Third Motion. Judge Wizmur again listened to arguments on this issue from both sides, and reviewed the history of Hayes' appeals. The Bankruptcy Court ruled from the bench, denying Hayes' motion on both substantive and procedural grounds. Transcript at 24-25. The Bankruptcy Court stated

that: (1) all requests, including Hayes', for the appointment of an equity committee were untimely when the Court ruled on September 12, 2001, and therefore his Second Motion was "grossly untimely;" (2) the doctrine of equitable mootness applied to the Genesis plan; and (3) the appointment of a post-confirmation equity committee is only available in the most extraordinary situations, which was not the case here.

11.    Disregarding all of these rulings, Hayes again appealed the Bankruptcy Court's denial of the appointment of an equity committee, and on April 27, 2005, the District Court *sua sponte* entered a scheduling order in case number 04-0477. On May 14, 2005, Hayes filed his opening brief, and Genesis, as it has done in the past, has spent considerable time and money in responding to Hayes' arguments regarding the appointment of an equity committee.

### Argument

12.    Rule 8020 provides that "[i]f a district court or bankruptcy appellate panel determines that an appeal from an order, judgment or decree of a bankruptcy judge is frivolous, it may   award just damages and single or double costs to the appellee." The purpose of sanctions under Rule 8020 is to "compensate appellees who are forced to defend judgments awarded them in the trial court from appeals which are wholly without merit." Safety National Casualty Corp. v. Kaiser Aluminum & Chem. Corp., 2003 WL 22928045 at *2 (D. Del. Nov. 25, 2003) (Farnan, J.), citing Nagle v. Alspach, 8 F.3d 141, 145 (3rd Cir. 1993).

13.    Since the Plan was confirmed, Genesis has spent thousands of dollars in legal fees responding to Hayes' repetitive, meritless appeals. Genesis is again forced to endure another round of briefing in the same court regarding the identical motion that has been denied as untimely, equitably moot, and barred by the doctrines of *res judicata* and collateral estoppel

Because Genesis must again bear the burden for responding to these vexatious appeals, Hayes should be required to compensate appellees for their damages and costs

For the reasons set forth herein and in Genesis's Answering Brief filed concurrently hereforth, Genesis requests that this motion be GRANTED, and that damages and attorneys fees be awarded to Genesis in an amount to be determined

Dated: June 1, 2005
      Wilmington, Delaware          Respectfully submitted,


_Christina Houston_

Mark D. Collins (No. 2931)
Russell C. Silberglied (No. 3462)
Christina M. Houston (No. 4628)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700


- and -


Adam P. Strochak
Lisa R. Fine
WEIL, GOTSHAL & MANGES LLP
1501 K Street, NW, Suite 100
Washington, D.C. 20005
(202) 682-7000

Michael F. Walsh
Gary T. Holtzer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Attorneys for Appellees