IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENESIS HEALTH VENTURES, INC., et al., | ) | Case No. 00-2692 (JHW) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| JAMES J. HAYES | ) | |
| Appellant | ) | |
| | ) | C.A. No. 04-0477 JJF |
| v. | ) | |
| | ) | |
| GENESIS HEALTH VENTURES, INC., et al., | ) | |
| Appellees. | ) | |

### REQUEST TO DISMISS MOTION FOR DAMAGES AND COSTS FOR FRIVOLOUS APPEAL

Genesis motion for damages and costs for a frivolous appeal prior to this Court's decision on that appeal is premature and a ruse to improperly influence this Court's decision. It is the equivalent of counsel asking leading questions to a witness. This motion should be dismissed prior to any decision on the appeal.

### ARGUMENT

There is an old proverb that lawyers who have good facts supporting their case argue the facts and that those who have good law argue the law. Lawyers having neither

good facts nor good law pound the table.[1] Thus Genesis files a premature motion for damages and costs for a frivolous appeal even before the appeal has been decided.

Genesis' entire argument that the appeal is frivolous is that it is "the identical motion that has been denied as untimely, equitably moot, and barred by the doctrines of

---

[1] Counsel for Genesis take this obfuscation to a new level by making up the facts to support their legal arguments. Thus their factual background in this motion states that Hayes filed two notices of appeal, one on September 13, 2001 "immediately after the judgment was entered (Docket No. 01-718). On September 20, 2001, after the confirmation order was entered, Hayes filed an amended notice of appeal to the District Court (Docket No. 02-016)." (M at 2:1) Genesis maintained that it proceeded under the impression that No. 02-016 was the "operative appeal" while "Hayes, and in some instances, the District Court" proceeded under the impression that No. 01-718 was the operative appeal. (M at 2:3) This statement is obviously not true as this Court established a briefing schedule in No. 01-718 on January 2, 2002 before No. 02-016 was even docketed and "[o]n January 30, 2002, Genesis filed an opposition to Hayes' Second Motion [in No. 01-718] and simultaneously filed a motion to dismiss the appeal [in No. 02-016] on the ground of equitable mootness." (M at 3:4) Counsel for Genesis has not explained why its motion to dismiss was not filed in No. 01-718. Nevertheless, counsel for Genesis later claimed it "made an inquiry to the Clerk of the District Court, who advised that the second appeal (01-718) had been docketed in error." (M at 3:6) According to the facts stated in the motion at 2:1, however, No. 02-016 was the second filed appeal. More pertinent is the fact that No. 02-016 was the second docketed appeal and from the perspective of the District Court Clerk would be the appeal that was docketed in error.

The truth of the matter is that Hayes filed one notice of appeal on September 18, 2001. When he learned that the confirmation order was filed on September 20, 2001, he called the Bankruptcy Court Clerk, who agreed to substitute an amended notice showing the September 20 date as the "spurious" notice had not been transmitted to the District Court Clerk. (See attachment.) Why the Bankruptcy Court Clerk transmitted the "spurious" notice of appeal to the District Court Clerk nine weeks later is a mystery until it is discovered that counsel for Genesis, pursuant to Bankruptcy Rule 8006, designated the record in the Bankruptcy Court at the same time the Bankruptcy Court Clerk transmitted the "spurious" notice of appeal to the District Court. The coincidence in time of these two events strongly suggests that counsel for Genesis caused the Bankruptcy Court Clerk to transmit the "spurious" notice to the District Court. In this event, counsel for Genesis created their own appeal that was convenient for them to file the timely motion to dismiss that they had neglected to do in the "operative appeal."

Genesis maintains that "[t]he docketing error had no substantive impact..." (M at 2:3) Hayes, however, maintains that applying the dismissal on an unopposed motion in a "spurious" appeal to the "operative appeal" constitutes a denial of due process. (App. K)

2

*res judicata* and collateral estoppel." (M at 5:13) This Court denied the motion for a post-confirmation equity committee because it did not have the power to appoint an equity committee. (App. E) [2] While the Bankruptcy Court denied both the pre and post confirmation motions on the basis of timeliness, the court acknowledged the uniqueness of post-confirmation equity committees. (App. O at 24:4, 27:8 and 17:18) None of the motions for an equity committee were denied by the doctrines of equitable mootness, *res judicata* or collateral estoppel. These are merely arguments in Appellees' Answering Brief that Genesis is using to improperly influence this Court's decision in the appeal.

In addition, the Genesis' motion for damages ignores the constitutional arguments, raised in the appeal, that the denial of a post-confirmation equity committee on the basis of timeliness denies shareholders due process. Had Genesis studied the case supporting these arguments, they would have learned that the Fifth Circuit overturned a similar $40,000 fine for damages against a bankruptcy claimant for asserting his claim twelve years after the confirmation. The Fifth Circuit ruled that the claimant had not been properly notified of the bankruptcy proceedings (where money in his retirement fund was transferred to other creditors) and thus could not be fined for defying the court's injunction against claims arising before the confirmation. *In re Kendavis Holdings Co.*, 249 F. 3d. 383 (5th Cir 2001). Analogously, Genesis shareholders were not notified of the bankruptcy proceedings at the time the Bankruptcy Court deemed as timely for requesting an equity committee and cannot now be assessed damages for filing "untimely" motions even if this Court were to some how conclude that the post-confirmation request is untimely.

---

[2] App. references are to the Appendix To Appellees' Answering Brief.

## CONCLUSION

For the reasons above, this Court should deny the motion for damages and costs prior to its consideration of the merits of the appeal of the Bankruptcy Court's denial of a post-confirmation equity committee.

June 6, 2005

                                                  Respectfully submitted,

                                                  James J. Hayes
                                                  Pro Se
                                                  4024 Estabrook Dr.
                                                  Annandale, Virginia 22003

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing Request was mailed from the Northern Virginia Regional Post Office on June 6, 2005 to Russell C. Silberglied, Richards Layton and Finger, One Rodney Square, P.O. Box 551, Wilmington, Delaware.

James J. Hayes

James J. Hayes
4024 Estabrook Dr.
Annandale, VA 22003

September 20, 2001

Mr. David D. Bird, Clerk
U.S. Bankruptcy Court
District of Delaware
824 Market Street, 5th Floor
Wilmington, DE 19801

Dear Mr. Bird:

On Tuesday, September 18, I personally filed a pro se appeal in the Genesis bankruptcy, case no. 00-2692(JHW). It appears that my appeal was premature as the final order in this case was filed today. I am therefore providing an updated notice of appeal and 19 copies which contain the correct date of the judge's order and additional parties in the case which I gleaned from the case file in your office. If it is possible, I would substitute this filing for the one submitted on Tuesday.

It would be appreciated if you could return a stamped copy to me at the my return address.

Sincerely,

*James J. Hayes*

James J. Hayes

Enclosures: Notice of Appeal, original and 19 copies