IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| GENESIS HEALTH VENTURES, INC., | : | Bankruptcy Case No. 00-2692-JHW |
| et al., | : | |
| | : | |
| Debtors. | : | |

| | | |
|---|---|---|
| JAMES J. HAYES, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 04-0477-JJF |
| | : | |
| GENESIS HEALTH VENTURES, INC., | : | |
| et al., | : | |
| | : | |
| Appellees. | : | |

James J. Hayes, Pro Se Appellant.

Mark D. Collins, Esquire, Russell C. Silberglied, Esquire and
Christina M. Houston, Esquire of RICHARDS, LAYTON & FINGER, P.A.,
Wilmington, Delaware.
Of Counsel:  Adam P. Strochak, Esquire and Lisa R. Fine, Esquire
of WEIL, GOTSHAL & MANGES LLP, Washington, D.C.
Michael F. Walsh, Esquire and Gary T. Holtzer, Esquire of WEIL,
GOTSHAL & MANGES LLP, New York, New York.
Attorneys for Appellees.

**MEMORANDUM OPINION**

July 23, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is an appeal of the May 13, 2004
Order of the United States Bankruptcy Court for the District of
Delaware denying the motion of Appellant, James J. Hayes, for
appointment of a post-confirmation equity committee.   In
addition, the Debtors, Genesis Health Ventures, Inc. and its
affiliates ("Genesis") have filed a Motion For Damages And Costs
For Frivolous Appeal Pursuant To Bankruptcy Rule 8020 (D.I. 15).
For the reasons discussed, the Court will dismiss this appeal,
and in the alternative, affirm the May 13, 2004 Order of the
Bankruptcy Court.   In addition, the Court will deny the Motion
For Damages And Costs filed by Genesis.

I.   **Parties Contentions**

By his appeal, Hayes contends that the Bankruptcy Court
erred in declining to appoint a post-confirmation equity
committee.   Hayes contends that the Bankruptcy Court failed to
consider whether the equity shareholders were adequately
represented, whether the shares were widely held and publicly
traded, the size and complexity of the bankruptcy proceeding, the
timing of his request vis-a-vis the status of the case, and "new
evidence" in the Haskell Complaint.   Hayes also contends that the
Bankruptcy Court's decision violates shareholders' due process
rights under the Fifth Amendment.

In response, Genesis contends that Hayes' appeal should be

1

dismissed under the doctrine of equitable mootness, because the Plan has been substantially consummated and Hayes did not obtain a stay of the confirmation order.  Genesis also contends that Hayes' appeal is barred by the doctrine of res judicata and collateral estoppel.  Specifically, Genesis refers the Court to two prior appeals filed by Hayes and dismissed by the Court.  In addition, Genesis points out that the Third Circuit has affirmed this Court's dismissal of Hayes' appeal of the confirmation order, and therefore, Hayes' request to appoint an equity committee to litigate the appeal of the confirmation order is moot.

In the alternative to its procedural arguments in support of dismissal, Genesis contends that Hayes' appeal should be dismissed on the merits, because Genesis is "hopelessly insolvent."  As a result, Genesis contends that the costs associated with the appointment of an equity committee outweigh the concern for shareholder representation.

## II.   STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions.  See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d

Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

**III. DISCUSSION**

    A.   Whether Hayes' Is Entitled To Relief On The Issues Raised In His Appeal Of The Bankruptcy Court's May 13, 2004 Order

Under the doctrine of equitable mootness, "[a]n appeal should . . . be dismissed as moot, even though effective relief could conceivably be fashioned, where implementation of that relief would be inequitable." In re Continental Airlines, 91 F.3d 553, 559 (3d Cir. 1996) (en banc). The equitable mootness doctrine is aimed at "prevent[ing] a court from unscrambling complex bankruptcy reorganizations when the appealing party should have acted before the plan became extremely difficult to

3

retract." <u>Nordhoff Investments, Inc. v. Zenith Elecs. Corp.</u>, 258 F.3d 180, 185 (3d Cir. 2001). As adopted by the Third Circuit in <u>Continental</u>, the doctrine of equitable mootness requires the court to balance five factors which are unique to bankruptcy proceedings:

> (1) whether the reorganization plan has been substantially consummated; (2) whether a stay has been obtained; (3) whether the relief requested would affect the rights of parties not before the court; (4) whether the relief requested would affect the success of the plan; and (5) the public policy of affording finality to bankruptcy judgments.

<u>Continental</u>, 91 F.3d at 560. The manner in which these factors are weighed depends on the facts and circumstances of each case. <u>Id.</u>

In <u>Grimes v. Genesis Health Ventures, Inc.</u>, 280 B.R. 339, the Court concluded that an appeal of the confirmation order in the Genesis bankruptcy cases was equitably moot based on the <u>Continental</u> factors. The Court's conclusions in <u>Grimes</u> regarding the application of the <u>Continental</u> factors applies with equal force to this case. The Plan has been substantially consummated, and Appellant neither sought nor obtained a stay of the confirmation order. Because the confirmation order cannot be challenged, Appellant's request for the appointment of a post-confirmation equity committee to support the appeal of the Bankruptcy Court's September 20, 2001 confirmation order is

4

equitably moot.[1]

In addition, the Court notes that the United States Supreme Court has denied Appellant's application for certiorari review of the Third Circuit's decision affirming the Court's dismissal of his appeal of the confirmation order in Civil Action No. 01-718-JJF. Because there is no avenue of appeal left for Appellant to pursue with respect to the confirmation order, Appellant's challenge to the Bankruptcy Court's denial of a post-confirmation equity committee to guide the appeal of the confirmation order, i.e. the underlying basis for this appeal, is also actually moot.

In the alternative, the Court concludes that the Bankruptcy Court correctly denied Hayes' request for the appointment of a post-confirmation equity-committee. The Bankruptcy Court's finding that Genesis is completely insolvent is supported by the valuation evidence presented to the Bankruptcy Court, and the Court concurs with the Bankruptcy Court's conclusion that the appointment of an equity committee is not warranted in the circumstances of this case. Accordingly, the Court will, in the alternative, affirm the May 13, 2004 Order of the Bankruptcy Court.

---

[1]    Appellant refers to "new evidence" in the form of the Haskell Complaint. However, the Haskell Complaint has been dismissed by the Bankruptcy Court in its entirety, and therefore, the Court is not persuaded that the allegations of the Haskell Complaint have relevance for this appeal.

    B.    Whether Genesis Is Entitled To Damages And Costs In
          Connection With Litigating This Appeal

    As for Genesis' Motion For Damages And Costs, the Court will

deny Genesis' Motion.   Although Hayes presented this issue to the

Bankruptcy Court three times, and presented it to the Court by

motion in 01-718, Hayes did not specifically appeal an Order of

the Bankruptcy Court addressing this issue until the instant

appeal.   Hayes' appeal was also not rendered actually moot until

June 20, 2005, when the Supreme Court denied his application for

certiorari review of the Third Circuit's decision affirming the

Court's Order in Civil Action 01-0718-JJF.   In these

circumstances and given Hayes' status as a pro se litigant, the

Court declines, at this juncture, to award damages and costs.

Accordingly, the Court will deny Genesis' Motion For Damages And

Costs.

IV.   CONCLUSION

    For the reasons discussed, the Court will dismiss this

appeal, and in the alternative, affirm the May 13, 2004 Order of

the Bankruptcy Court.   In addition, the Motion For Damages And

Costs filed by Genesis will be denied.

    An appropriate Order will be entered.