**DPS-333**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4005
_____

IN RE: GENESIS HEALTH VENTURES, INC., et al.;

Debtors

JAMES J. HAYES,
Appellant

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 04-cv-00477)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Submitted On Appellee's Cross-Motion To Dismiss The Appeal
September 8, 2006

Before: FUENTES, VAN ANTWERPEN AND CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed   October 4, 2006  )

_____

OPINION
_____

PER CURIAM

James J. Hayes, a former shareholder of Appellee/reorganized debtor Genesis

Health Ventures, Inc. (with its affiliated co-debtors and Appellees, hereafter referred to

collectively as "Genesis"), appeals from the order of the United States District Court for the District of Delaware issued July 23, 2005, dismissing as equitably moot his appeal of the Bankruptcy Court's order denying his motion for appointment of a post-confirmation equity committee.

On September 13, 2001, after the Bankruptcy Court rejected Hayes's objections to the plan and denied his first request for an equity committee, the Bankruptcy Court entered judgment confirming the plan of reorganization in the jointly administered cases of In re: Genesis Health Ventures, Inc. et al., Bankruptcy Case No. 00-2692, and In re: Multicare AMC, Inc., Bankruptcy Case No. 00-2494. See In re Genesis Health Ventures, Inc., 266 B.R. 591 (Bankr. D. Del. 2001). Hayes filed two notices of appeal from the Bankruptcy Court's 2001 order, which were docketed separately. He also made a request for the appointment of an equity committee (his first request to the District Court, but the second such request overall), which the District Court denied. The District Court dismissed Hayes's appeal from the Bankruptcy Court's judgment as equitably moot. It dismissed the second, duplicative appeal as previously litigated. The District Court denied Hayes's motion to reopen the second duplicative appeal and this Court affirmed. In re: Genesis Health Ventures, Inc., et al., C.A. No. 04-1862 (3d Cir. Dec. 6, 2004). The Supreme Court denied Hayes's petition for a writ of certiorari. See Hayes v. Genesis, 125 S.Ct. 2947 (2005).

Meanwhile, in 2004, Hayes went back to Bankruptcy Court seeking a ruling on a

motion for appointment of a post-confirmation equity committee that he had filed in 2001, after the Bankruptcy Court entered judgment. The Bankruptcy Court denied the motion on May 13, 2004, holding that it was "grossly untimely," that the doctrine of equitable mootness applied to the Genesis Plan, and that no extraordinary circumstances existed warranting the appointment of a post-confirmation equity committee. Hayes appealed and on July 23, 2005, the District Court dismissed the appeal under the doctrine of equitable mootness. Alternatively, the District Court affirmed the Bankruptcy Court's denial of the motion because Genesis was completely insolvent. Hayes filed a timely notice of appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. Our review of the Bankruptcy Court's decision is de novo. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002). We will treat the Appellee's motion to dismiss as a motion for summary affirmance and we will affirm for substantially the same reasons set forth by the District Court in its opinion.

Under the doctrine of equitable mootness, "[a]n appeal should ... be dismissed as moot, even though effective relief could conceivably be fashioned, where implementation of that relief would be inequitable." In re Continental Airlines, 91 F.3d 553, 559 (3d Cir. 1996). The equitable mootness doctrine "prevents a court from unscrambling complex bankruptcy reorganizations when the appealing party should have acted before the plan became extremely difficult to retract." Nordhoff Investments, Inc. v. Zenith Elecs. Corp.,

3

258 F.3d 180, 185 (3d Cir. 2001). In determining whether dismissal for equitable mootness is warranted, a court must consider five factors: (1) whether the reorganization plan has been substantially consummated; (2) whether a stay has been obtained; (3) whether the relief requested would affect the rights of the parties not before the court; (4) whether the relief requested would affect the success of the plan; and (5) the public policy of affording finality to bankruptcy judgments. "[T]he foremost consideration is whether the reorganization plan has been consummated." In re PWS Holding Corp., 228 F.3d 224, 236 (3d Cir. 2000). Moreover, it is incumbent on the appealing parties to obtain a stay where there is a "clear possibility" that their claims would become moot. See Continental, 91 F.3d at 566. And, if the relief requested on appeal would jeopardize the success of the reorganization plan by causing its "reversal or unraveling," then dismissal of the appeal for equitable mootness is favored. See PWS Holding Corp., 228 F.3d at 236. Finally, the public policy favoring the finality of bankruptcy judgments, although identified as a separate factor, in truth, provides the lens through which the other factors should be viewed.

      With the foregoing principles in mind, we conclude that the District Court correctly dismissed the appeal for equitable mootness. The Plan has been substantially consummated. Hayes did not seek or obtain a stay of the confirmation order. The rights of third parties who have long relied on the consummated plan would be negatively affected, and the relief that Hayes seeks would likely cause the reversal or unraveling of

the Plan. If, as Hayes asserts, the plan is unfair and inequitable, it would be so for all Debtors' unsecured creditors and would require a newly negotiated plan. Finally, the consummation of the plan in 2001, the reliance upon it by third parties for all these years, and the negative impact of Hayes's request for relief on the success of the plan, all operate to the detriment of the long recognized public policy supporting the finality of bankruptcy judgments.

We have throughly reviewed Hayes arguments on appeal and find that they lack merit. Because no substantial question is presented by this appeal, the District Court's judgment will be affirmed, Appellee's cross-motion to dismiss the appeal, treated as a motion for summary affirmance, is granted.